| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Robert E. Lucier<br>36 Ridgewood Lane<br>Unit #10<br>Gardner, MA 01440 | **DEFENDANTS**<br>ECMC<br>1 Imation Place, Bldg. 2<br>Oakdale, MN 55128<br><br>US Dept. of Education<br>Lyndon Baine Johnson Dept of Ed. Bldg<br>400 Maryland Ave, SW<br>Washington, DC 20202 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Paul A. LaRoche 560487<br>LaRoche Law, Paul A. LaRoche, Esq.<br>P.O. Box 504<br>338 Elm Street<br>Gardner, MA 01440<br>978-632-1633 Fax: 978-630-3444 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**NATURE OF SUIT**
**DISCHARGEABILITY OF STUDENT LOAN**

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
XXXX 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Robert E. Lucier | | BANKRUPTCY CASE NO.<br>12-40349 |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>District of Massachusetts | DIVISION OFFICE<br>CENTRAL | NAME OF JUDGE<br>Honorable Melvin S. Hoffman |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Paul A. LaRoche, Esq.<br>Paul A. LaRoche 560487 | |
|---|---|
| DATE<br>May 2, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paul A. LaRoche 560487 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## For the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:<br>Robert E. Lucier<br>    Debtor<br><br>Robert E. Lucier<br>    Plaintiff<br><br>Vs.<br><br>The US Dept. of Education<br>ECMC<br><br><br>    Defendant | Chapter 7<br>Docket No. 12-40349<br><br>Adversary Proceeding No. |

## DEBTOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN

### JURISDICTION AND VENUE

1. The debtor commenced this case on January 31, 2012 by filing a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2. This court has subject matter jurisdiction over this instant proceeding, pursuant to 28 U.S.C. § 1334(b) and Local Rule 201 of the United States District Court for the District of Massachusetts. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### PARTIES

4. The Plaintiff is a natural person and the Debtor in the associated bankruptcy case.

5. On information and belief, the Defendant US DEPARTMENT OF EDUCATION, is the agency of the government of the United States charged with administering student loans and uses Lyndon Baines Johnson (LBJ) Dept. of Education Bldg, 400 Maryland Ave, SW, Washington, DC 20202 as a mailing address.

6. Upon information and belief, the Defendant, ECMC, is the assignee of all right, title and interest in the Debtor's student loan and has a mailing address of 1 Imation Place, Bldg. 2, Oakdale, MN 55128.

## FACTS

7. The Plaintiff borrowed sums believed to total approximately $22,000.00 from the US Department of Education.

8. The Plaintiff has paid on these loans on and off throughout the years but is no longer able to continue due to his disabilities.

9. The Social Security Administration granted Debtor Disability benefits beginning November 2011.

10. Since that time the Plaintiff has be unable to sustain employment due to his Diabetic Neuropathy and Chronic Pain that preclude the Plaintiff from performing any type of employment.

11. The Plaintiff is homebound.

12. The Plaintiff's doctor has signed a Discharge Application for Total and Permanent Disability as the Debtor is not able to work in any type of environment.

13. The Plaintiffs disabilities make it impossible for him to work at any job.

14. The Plaintiffs sole source of income is Social Security Disability Income in the amount of $1,990.00 for himself and $1,710.50 in Social Security benefits for his wife.

15. The household income totals $3,700.50 and the household expenses total $3,784.28.

16. The Plaintiff avers that repayment of any portion of his student loan debt would constitute an undue hardship within the meaning of 11 U.S.C. § 523(a)(8).

## RELIEF REQUESTED

**WHEREFORE,** the Plaintiff respectfully prays that this court (a) declare that his debt to the Defendants are fully dischargeable, and (b) enter such other orders as justice may require.

Dated: May 2, 2012                              Respectfully submitted,

                                                Robert Lucier
                                                By his Attorney

/s/ Paul A. LaRoche, Esq.
Paul A. LaRoche, Esq.
Attorney for Debtors
338 Elm Street
P. O. Box 504
Gardner, Massachusetts 01440
BBO #560487

Telephone: (978) 632-1633