UNITED STATES BANKRUPTCY COURT
DISTRICT OF WESTERN MASSACHUSETTS

_____

IN RE: | CHAPTER 7
Robert E. Lucier, | CASE NO. 12-40349-MSH
    Debtor

_____

Robert E. Lucier,
    Plaintiff

vs. | ADVERSARY PROCEEDING
    | NO. 12-4048-MSH

The US Dept. of Education and
ECMC,
    Defendants

_____

**ANSWER OF DEFENDANT, EDUCATIONAL CREDIT**
**MANAGEMENT CORPORATION, TO PLAINTIFF'S COMPLAINT**

NOW COMES Educational Credit Management Corporation (hereinafter referred to as "ECMC"), a nonprofit Minnesota corporation and student loan guarantor agency, and hereby submits ECMC's answer to the complaint of the Plaintiff. Except as expressly admitted, qualified or explained herein, ECMC denies each and every allegation of the complaint:

1. Admitted.
2. No response required as the averment calls for conclusions of law. Without waiver thereof admitted that the Court has subject matter jurisdiction herein and that venue is proper.
3. No response required as the averment calls for conclusions of law. Without waiver thereof admitted that this is a core proceeding.
4. Admitted.
5. Admitted as to the existence of the said entity but ECMC does not have sufficient information to admit or deny the remainder of the averment.

-2-

6. Admitted, but in answering further ECMC is the holder of one federal consolidation student loan of the Debtor that has a present outstanding balance of approximately $28,414.70.
7. ECMC does not have sufficient information to either admit or deny the averment.
8. ECMC does not have sufficient information to either admit or deny the averment.
9. ECMC does not have sufficient information to either admit or deny the averment.
10. ECMC does not have sufficient information to either admit or deny the averment.
11. ECMC does not have sufficient information to either admit or deny the averment.
12. ECMC does not have sufficient information to either admit or deny the averment.
13. ECMC does not have sufficient information to either admit or deny the averment.
14. ECMC does not have sufficient information to either admit or deny the averment.
15. ECMC does not have sufficient information to either admit or deny the averment.
16. No response required as the averment calls for conclusions of law. Without waiver thereof denied as to the Debtor's student loan debt owing to ECMC.

WHEREFORE, ECMC requests that this Honorable Court deny the Debtor's request for an undue hardship discharge under 11 U.S.C. § 523(a)(8).

## FIRST DEFENSE

The Debtor's complaint fails to state a cause of action on which the Debtor's student loan debt held by ECMC is dischargeable pursuant to 11 U.S.C. § 523(a)(8).

WHEREFORE, ECMC prays for relief as follows:
A. Dismiss the Debtor's complaint with prejudice;
B. Declare that the Debtor's student loan debt held by ECMC is to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(8); and
C. Such other and further relief as the Court may deem just and proper.

-3-

Respectfully submitted,

Educational Credit Management Corporation
By its attorney,

/s/ John F. White_____
John F. White, Esq.  BBO# 558367
jwhite@lipmanwhite.com
Lipman & White
1212 Hancock Street, Ste. 130
Quincy, MA 02169
Tel. 617-328-5600

Dated:  5/9/12

## CERTIFICATE OF SERVICE

I, John F. White, attorney for Educational Credit Management Corporation hereby certify that I have served a copy of ECMC's Answer on the below via electronic service on May 9, 2012.

/s/ John F. White_____
John F. White, Esq.

Paul A. LaRoche, Esq.
Law Office of Paul A. LaRoche
P.O. Box 504
338 Elm Street
Gardner, MA 01440

Email: larochebankrupt@aol.com